# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATALIA HERZOG | : CIVIL ACTION |
| v. | : |
| ZALES CORPORATION, d/b/a GORDON'S JEWELER'S, SIGNET JEWELER'S LTD. | : NO. 15-1079 |

## ORDER-MEMORANDUM

**AND NOW**, this 29th day of May 2015, upon consideration of Plaintiff's Memorandum re: venue (ECF Doc. No. 16), and Defendant's Response (ECF Doc. No. 20) and following this Court's May 15, 2015 Order (ECF Doc. No. 15), it is **ORDERED**: the Clerk shall forthwith **transfer this case to the Clerk of the United States District Court for the District of Delaware** as venue is not proper in this District; Defendant's Motion to Dismiss (ECF Doc. No. 5) is **DENIED without prejudice to renew before the District of Delaware;** and, the Clerk of Court shall mark this action **CLOSED**.

## *Analysis*

Plaintiff, a Delaware resident,[1] filed suit under Title VII alleging Defendant unlawfully discriminated against her while working in Defendant's Delaware retail store based on her national origin (Belarussian), gender (female), and race (Caucasian). Plaintiff alleges Defendant retaliated against her for complaining of unlawful discrimination. Defendant moved to dismiss because Plaintiff failed to timely file and exhaust her administrative remedies on her gender discrimination claim. Upon review of

---

[1] Plaintiff did not allege citizenship of either party.

this dispute between a Delaware resident and her Delaware employer, we *sua sponte* directed the parties to address venue in this District.² Plaintiff filed a memorandum and Defendant responded.³ Having considered the parties' arguments, we find venue is not proper in this District. Instead of dismissing this action, we transfer it to the United States District Court for the District of Delaware in this employment dispute between two Delaware residents.

Despite the Court's direction the parties address venue under 42 U.S.C.§ 2000e-(5)(f)(3), the parties only address venue under 28 U.S.C. § 1391. Contrary to Plaintiff's assertion, venue is not governed by the Federal Rules of Civil Procedure. Rather venue in federal court is governed by statutes such as § 2000e-5(f)(3) and § 1391. Therefore, a party must determine which statute governs venue in a particular action rather than providing a rote regurgitation of the § 1391 factors.

---

² Plaintiff argues Defendant waived an objection to venue by not including it in its motion to dismiss and thus, Plaintiff's choice of venue should not be disturbed. This might be a more compelling argument if venue were appropriate in this District. The Court raised the issue of venue, provided the parties an opportunity to address the issue, and is well within its authority to address the issue without Defendant's motion. *See Davis v. McKool Smith P.C.*, No. 15-341, 2015 WL 2349532, *2 (D. Del. May 15, 2015) (transferring case sua sponte under § 1406.) (citing *Lafferty v. St Riel*, 495 F.3d 72, 74-75, 75 n.3 (3d Cir. 2007) and *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006)); *See Unum v. Expert Witness*, No. 14-2332, 2015 WL 136384, *9 (M.D. Pa. Jan. 7, 2015) ("While an objection to venue may be waived by a defendant, this Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the Court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue.").

³ Plaintiff argues that venue is proper under 28 U.S.C. § 1391(b)(3), providing "if there is no district in which an action may otherwise be brought as provided in this section, [venue is proper in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." As Defendant points out, even if § 1391 were to govern venue in this action, this subsection is not applicable to this case. Because a substantial part of the events giving rise to the claim took place in the District of Delaware, we find venue could properly be laid in that District and § 1391(b)(3) does not apply. *See Markel Ins. Co. v. Masluf Realty Corp.*, No. 13-5057, 2014 WL 1302079, *4 (D.N.J. Mar. 28, 2014).

2

"Title VII contains an exclusive venue provision for cases brought within its ambit, rendering inapplicable the general venue provision of 28 U.S.C. § 1391." *Trawick v. Harvey*, No. 06-1937, 2006 WL 2372241, *1 (E.D. Pa. Aug. 15, 2006). By providing Title VII with its own venue provision, Congress intended to "limit venue to the judicial district concerned with the alleged discrimination." *Stebbins v. State Farm Mut. Auto Ins., Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969); *Davis,* 2015 WL 2349532, *2. Title VII's venue provision provides:

> Each United States district court ... shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

§ 2000e-(5)(f)(3). Therefore, a Title VII plaintiff may only bring suit where the: (1) unlawful employment practice occurs; (2) relevant records are maintained and administered; or (3) aggrieved person would have worked but for the alleged unlawful employment practice. *Id.* If the defendant cannot be brought into court in any of those three districts, a plaintiff may file suit in the location of the defendant's principal office. *Id.*

Neither party addresses whether venue is proper in this District under § 2000e-(5)(f)(3). The Complaint confirms venue is not proper in this District. Plaintiff worked in Defendant's Delaware store and alleges that the unlawful employment practice occurred at this store in Delaware. There is no allegation, and Plaintiff fails to argue, that

3

the records are in this District or but for the unlawful employment action Plaintiff would have worked anywhere other than Delaware.[4] Venue is not proper in this District pursuant to § 2000e-(5)(f)(3).

Where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

As we find venue is not proper in this District, we must now decide whether to dismiss the case or transfer this case to the United States District Court for the District of Delaware. Defendant argues that dismissal is warranted. However, because dismissal is a "disfavored remedy" and the parties have already begun the process of dispute resolution, we transfer the case to the District of Delaware. *Skidmore v. Led Zeppelin*, — F. Supp. 3d —, No. 14-3089, 2015 WL 2116632, *5 (E.D. Pa. May 6, 2015) (citing *Knight v. Corp. for Nat. & Comty. Serv.*, No. 03-2433, 2004 WL 2415079, *6 (E.D. Pa. Oct. 28, 2004).

                                                                                  KEARNEY, J.

---

[4] Plaintiff pleads: "Venue lies within [this District] because the parties reside and/or transact business in this district, the claims arose out of Plaintiff's employment within this District and Defendants may be served with process here." (ECF Doc. No. 1, Compl., ¶ 4.) To the contrary, Plaintiff's address is 2614 Pennington Drive, Wilmington, Delaware 19810. (*Id.* ¶ 1.) Defendant's address is certified as in New Castle County, Delaware and Plaintiff worked at 4737 Concord Pike, Wilmington, Delaware 19803. (*Id.* ¶ 2.) Plaintiff's venue argument is confusing (at best) given the preceding paragraphs of her Complaint and accompanying certifications filed under Fed.R.Civ.P. 11.